UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KYNTEC CORPORATION,
                            Plaintiff,

      v.

ITT ENIDINE, INC.,
                            Defendant.

**DECISION**
**and**
**ORDER**

**14-CV-271A(F)**

APPEARANCES:        BOND, SCHOENECK & KING, PLLC
                            Attorneys for Plaintiff
                            MITCHELL J. BANAS, JR.,
                            PATRICK A. QUINLAN, of Counsel
                            Avant Building, Suite 900
                            200 Delaware Avenue
                            Buffalo, New York    14202-2107

                            WOODS OVIATT GILMAN LLP
                            Attorneys for Defendant
                            DONALD W. O'BRIEN, JR., of Counsel
                            700 Crossroads Building
                            Two State Street
                            Rochester, New York 14614

                            POLSINELLI PC
                            Attorneys for Defendant
                            BART A. STARR, of Counsel
                            1515 Wynkoop Street, Suite 600
                            Denver, Colorado   80202

## JURISDICTION

This case was referred to the undersigned for all pretrial matters by order of the

Hon. Richard J. Arcara, filed July 11, 2014 (Dkt. 18).  It is presently before the court on

Plaintiff's cross-motion for sanctions filed August 15, 2015 (Dkt. 64) ("Plaintiff's cross-

motion").

## BACKGROUND and FACTS[1]

Plaintiff ("Plaintiff" or "Kyntec") commenced this action on April 14, 2014, seeking a declaratory judgment that Plaintiff has not infringed Defendant's '367 patent (Count I), and alleging that based on prior art '367 is invalid (Count II), and the '367 patent is unenforceable because of Defendant's inequitable conduct, *i.e.*, fraud on the United States Patent and Trademark Office ("PTO") based on Defendant's failure to disclose prior art (Count III).  In its Second Amended Answer, Defendant asserted affirmative defenses including that the '367 patent is invalid and unenforceable under the doctrine of patent assignor estoppel, (1st Affirmative Defense), laches (2nd Affirmative Defense), estoppel (3rd Affirmative Defense) and unclean hands (4th Affirmative Defense). Defendant also pleaded three counterclaims:  Plaintiff's infringement of the '367 patent (Count I), Plaintiff's inducement of infringement of the '367 patent (Count II), and Plaintiff's contributory infringement of the '367 patent (Count III).  In Plaintiff's reply to Defendant's counterclaims, Plaintiff raised seven affirmative defenses:  Plaintiff has not infringed the '367 patent (First Affirmative Defense), the '367 patent's claims are invalid based on various grounds of unpatentability as provided in 35 U.S.C. §§ 101-103 and 112 (Second Affirmative Defense), inequitable conduct of '367 patent investors (Third Affirmative Defense), laches, waiver, and estoppel (Fourth Affirmative Defense), unclean hands (Fifth Affirmative Defense), substantial non-infringing use of Plaintiff's accused product (Sixth Affirmative Defense), and the '367 patent is in the public domain (Seventh Affirmative Defense).

The '367 patent is for a firearm recoil damper device, an aftermarket device which when installed on rapid fire weapons, such as the AR-15 assault rifle, stabilizes

---

[1]  Taken from the papers and pleadings filed in this action.

the firearm by acting as a buffer against recoil forces upon firing the weapon, enabling the shooter to achieve greater rapidity of firing and accuracy.  Some of Plaintiff's principals were also principals of the former Enidine, Inc. ("Enidine"), the company that developed the technology underlying the '367 patent which was assigned to ITT as part of a 2007 merger in which ITT acquired for $395 million, the assets, including the '367 patent,  of Enidine, subsequently renamed ITT Enidine, and Enidine's parent, International Motion Control, Inc. ("IMC").  Following the merger, between 2012-2013, former principals of Enidine organized Kyntec and developed a precision recoil damper device for use on rapid fire weapons called the KynSHOT Model RB5000 ("KynSHOT product") which Plaintiff sells in the law enforcement and military markets, the latter two markets being also served by Defendant's recoil damper products.  Defendant's counterclaim accuses Plaintiff's KynSHOT product of infringing the '367 patent claims used by Defendant to manufacture one of Defendant's competing products, the AR-restor® recoil damper for the AR-15 rapid fire weapon, for Defendant's law enforcement and military markets.  Defendant withdrew from the civilian market in February 2013, a market now served by Plaintiff.  Dkt. 41 at 3, Count I.

On September 16, 2014, following a pretrial conference with the parties, the court entered a scheduling order in accordance with the court's Local Patent Rules including mediation by selection of a mediator by October 16, 2014, and an initial mediation session by December 12, 2014.  Following unsuccessful mediation (Dkt. 33) and without initiating discovery particularly interrogatory and document requests or deposition practice, on March 13, 2015, Defendant moved for a protective order (Dkt. 34) seeking to protect from disclosure certain of Defendant's confidential information

prerequisite to the commencement of discovery in the case based on the failure to achieve settlement through mediation.

By papers filed March 19, 2015 (Dkt. 38), Plaintiff moved to stay further proceedings in the case pending the outcome of Plaintiff's Reexamination Request for the '367 patent filed by Plaintiff with the PTO on March 11, 2015, pursuant to 35 U.S.C. § 301 *et. seq.* requesting *ex parte* reexamination of all of the '367 patent's claims. Plaintiff's reexamination request asserted, *inter alia*, the '367 patent's inventors' failure to disclose prior art based on Enidine's own products rendering the '367 patent invalid on patent ineligibility grounds of anticipation and obviousness.  In requesting the stay, Plaintiff contended the result of the PTO's reexamination would, if the '367 patent were to be found invalid, avoid unnecessary further litigation as a PTO invalidation of the '367 patent would be binding on the court effectively terminating the litigation, and if the patent were to be confirmed, such confirmation would reduce and simplify the remaining issues, *e.g.*, by eliminating some of the '367 patent's claims, despite the fact that Defendant's assignor estoppel defense may require further litigation should the reexamination confirm the '367 patent.  Additionally, Plaintiff contended that the delay in the proceedings would be outweighed by the advantages of judicial economy to be realized from the results of the PTO reexamination, settlement may be promoted, and Defendant's economic benefit from the remaining 10 years of the '367 patent would not be substantially and adversely affected.

Defendant's Response in Opposition to Plaintiff's Motion to Stay (Dkt. 45), was filed April 3, 2015, opposed Plaintiff's motion for a stay contending prejudice to Defendant based on the likelihood that the reexamination would be lengthy, that the

strength of Defendant's assignor estoppel defense should be litigated as it would not be

part of the PTO's reexamination, Plaintiff could have earlier sought reexamination, and

delay in reaching the merits of this case would impair Defendant's right to exclude

Kyntec's alleged infringement in all potential markets, including the civilian market

despite Defendant's withdrawal, for the '367 patent.  Prior to oral argument on Plaintiff's

motion for a stay, Plaintiff stated, in its reply papers, it would not further "pursue" the

invalidity of the '367 patent should the stay be granted.  Dkt. 48 at 11.  At oral argument,

on April 16, 2015, Plaintiff assured the court that it would abide by the outcome of the

PTO's reexamination confirming the '367 patent, including any appeal, thereby

removing the issue of patent invalidity (including by implication Defendant's affirmative

defense of assignor estoppel based on the '367 inventor's failure to disclose relevant

prior art as Plaintiff had asserted to the PTO), thereby enabling the case to proceed on

the issue of infringement and damages.  Dkt. 62-2 at 4-5 (citing to record of oral

argument).  Following oral argument, the court granted on June 19, 2015 ("the June 19,

2015 D&O"), Plaintiff's motion for a stay based on lack of prejudice to Defendant, issue

simplification, and that discovery was substantially incomplete.  Defendant did not

appeal the court's ruling.

Thereafter, following an exchange of e-mails commencing June 22, 2015, in

which Plaintiff declined at that time to assure Defendant to Defendant's satisfaction of

its intent to dismiss Count II alleging the invalidity of '367 patent and related defenses to

Defendant's infringement counterclaim such as assignor estoppel, either immediately or

upon completion of the PTO reexamination, Defendant filed, on July 10, 2015,  its

motion to dismiss Plaintiff's Count II (invalidity) and Count III (inequitable conduct in

prosecution of patent, *i.e.*, failure to disclose prior art) ("Defendant's motion").

According to Defendant, Defendant's motion was necessary, notwithstanding the stay,

to enforce Plaintiff's representation to the court that patent invalidity and assignor

estoppel would no longer be pursued by Plaintiff if the stay were granted regardless of

the outcome of the reexamination.  Dkt. 62-1 ¶ ¶ 8-12.  Defendant further stated that

unless these counts were formally removed from the case at that time, the case would

not proceed to the remaining issues of infringement damages as Plaintiff had

represented to the court following the reexamination.  Dkt. 62-2 at 7.  Plaintiff opposed

Defendant's motion by papers filed August 14, 2015, arguing Defendant's motion was

premature until the reexamination was completed, and cross-moved for its attorneys

fees and expenses in opposing Defendant's motion pursuant to Fed.R.Civ.P. 16(f),

under which the stay constitutes a pre-trial order enforceable with sanctions, 28 U.S.C.

§ 1927 (court may sanction attorneys for vexatious litigation practices), and the court's

inherent power.  Dkt. 64 (Plaintiff's cross-motion").  Defendant opposed Plaintiff's cross-

motion arguing, by papers filed August 31, 2015, that Defendant's motion was

necessitated by Plaintiff's refusal to voluntarily dismiss Counts II and III in accordance

with Plaintiff's representations to the court, and was not intended to harass Plaintiff or

violate the court's stay order.  Dkt. 70 at 2-3.  In its opposition, Defendant referred to

Plaintiff's counsel's e-mail statements that before stipulating to any dismissal when

Defendant requested, it would be necessary to consider "possible contingencies" and

"permutations" incident to whatever determination the PTO may make upon completion

of the re-examination, Dkt. 70 at 4, as justifying Defendant's motion in order "to ensure

[Plaintiff] honored its commitments to the Court and [Defendant]."  *Id.*  Plaintiff's Reply to

Defendant's Response to Plaintiff's Cross-Motion was filed September 11, 215 (Dkt. 71).  To date, the court has not acted on Defendant's motion.

On January 26, 2016, the parties filed a joint notification of the PTO reexamination dated January 25, 2016, in which the PTO confirmed the '367 patent while adding claims 12-16, and stating that Defendant did not intend to appeal such determination.  Dkt. 73.  By letter to the court, dated February 11, 2016, Plaintiff withdrew its opposition to Defendant's motion indicating, however, that Plaintiff's cross-motion remained pending (Dkt. 74).  By letter dated February 12, 2016, Defendant requested dismissal of (1) Count II and Count II, and (2) Plaintiff's second and third affirmative defenses, and denial of Plaintiff's cross-motion.  (Dkt. 75).  By letter dated February 18, 2016 (Dkt. 79), Plaintiff advised that, in lieu of a judicial decision, a stipulation dismissing Plaintiff's Counts II and III and related affirmative defenses, as suggested by the court, would be filed, but requesting a ruling on Plaintiff's cross-motion.  By letter dated February 22, 2016 (Dkt. 80), Defendant confirmed filing of the stipulation, and again opposed Plaintiff's request for sanctions.  On the same day, the parties filed a stipulation ("the Stipulation") dismissing Plaintiff's Counts II and III and Plaintiff's Second and Third Defenses to Defendant's Second Amended Counterclaim (Dkt. 76).  The Stipulation was approved by the Hon. Lawrence J. Vilardo on February 25, 2016 (Dkt. 77).  Oral argument on Plaintiff's cross-motion was deemed unnecessary.  Based on the following, Plaintiff's cross-motion should be GRANTED.

## DISCUSSION

Plaintiff requests attorneys fees in opposing Defendant's motion under Fed.R. Civ.P. 16(f)(1)(c) ("Rule 16(f)(1)(c)"), 28 U.S.C. § 1927, and the court's inherent power.

Rule 16(f)(1)(C) authorizes the court to enforce its scheduling orders or another "pretrial order" through "any just order" which includes an award of attorneys fees. *See* Advisory Committee Notes to 1983 Amendment (noting the availability of an award of attorneys fees "caused by noncompliance"). Courts enforce orders incident to scheduling a case pursuant to Rule 16(f)(1)(C) by the award of attorneys fees. *See Allen v. United Parcel Service, Inc.*, 2012 WL 832294, at *1 (E.D.N.Y. Mar. 11, 2012) (plaintiff's counsel's failure to comply with court order directing filing proof of service, attendance at pretrial conference and joint pretrial conference letter); *see also Vajic v. API Restaurant Corp.*, 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014) (declining to award attorneys fees for plaintiff's failure to abide by pretrial order where issue not raised by defendant's memorandum).

Courts may also enforce frivolous and vexatious motions pursuant to 28 U.S.C. § 1927 ("§ 1927") and its inherent power where "the subject is shown to have acted with subjective bad faith." *Hinterberger v. Catholic Health Systems, Inc.*, 2013 WL 6008961, at *2 (W.D.N.Y. Nov. 13, 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)); *Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 362 (S.D.N.Y. 2006) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). "'[S]anctions under § 1927 are proper when there is clear evidence that the actions were entirely without color and were taken to harass, delay the proceedings, or for otherwise inappropriate reasons.'" *Hinterberger*, 2013 WL 6008961, at *2 (quoting *Baker*, 431 F.Supp.2d at 362 (citing *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986))). *See also D.A. Elia Const. Corp. v. Damon & Morey, LLP*, 389 B.R. 314, 321 (W.D.N.Y. 2008). Sanctions pursuant to § 1927 are available only "'when there is a finding of

conduct constituting or akin to bad faith.'" *D.A. Elia Const. Corp.*, 389 B.R. at 321

(quoting *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.2d

158, 180 (2d Cir. 2004), *cert. denied*, 543 U.S. 1177 (2005)).   Such sanctions are

limited to circumstances where "the attorney's actions are so completely without merit

as to require the conclusion that they must have been undertaken for some improper

purpose such as delay." *D.A. Elia Const. Corp*, 369 B.R. at 321 (internal citation and

quotation marks omitted).   The court's inherent power to sanction a party and their

attorneys "derives from the Court's authority to manage its own affairs to achieve the

orderly and expeditious disposition of cases."   *Id.* (citing *Revson v. Cinque & Cinque,*

*P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (citing *Chambers*, 501 U.S. at 43 (1991))).

Exercise of the court's inherent power to sanction should be "'with restraint.'"   *Id.*

(quoting *Agee v. Paramount Communications, Inc.,* 114 F.3d 395, 398 (2d Cir. 1997)).

      Here, the record supports that Defendant violated, without warrant, the court's

order granting Plaintiff's motion requesting a "[s]tay of proceedings pending

determination of Kyntec's reexamination request to the PTO."  Dkt. 38.  Such order is

one well-within the scope of Rule 16(f)(1)(C) enabling a court to enforce its orders

relating to its case management responsibilities, and Defendant does not argue

otherwise.  Rather, Defendant contends that Plaintiff's failure to agree to an immediate

dismissal of Plaintiff's Counts II and III in accordance with Plaintiff's representations to

the court as an element of Plaintiff's argument to obtain the stay necessitated

Defendant's motion.  Dkt. 62-2 at 7.  While Defendant may have entertained a good

faith belief that Plaintiff's agreement to be bound by the PTO reexamination justified

'clearing the deck' by immediately dismissing these counts, such belief ignored the "stay

of proceedings" as requested by Plaintiff's motion, Dkt. 58, which the court directed by granting Plaintiff's motion in the June 19, 2015 D&O.  Defendant did not request the stay be modified to authorize Defendant's motion.  It requires no citation to authority to say that a judicial stay of proceedings means exactly what it says:  no formal actions, including further pleadings, discovery, or motion practice, in the case are to be taken until the court vacates or modifies the stay at the request of a party or *sua sponte*.  As a motion to dismiss two of Plaintiff's claims, Defendant's motion self-evidently comes within the ambit of the court's stay order, a pretrial order regulating the conduct of the case within the scope of Rule 16(f)(1)(C).  It also requires no elaboration that the rationale for Plaintiff's request for the stay was to avoid incurring further legal costs until the outcome of the reexamination was known and the exact legal contours of the litigation could be defined based on the PTO's decision.  Unfortunately, Defendant's motion ignored the terms and the purpose of the stay imposing unnecessary costs upon Plaintiff in opposing the motion, and, as such, cannot be excused from a sanction pursuant to Rule 16(f)(1)(C).  There is, of course, no merit in Defendant's assertion that because Plaintiff "chose to challenge [Defendant's] motion" Plaintiff's costs were self-inflicted, Dkt. 70 at 2, as Plaintiff's opposition was filed in compliance with the court's scheduling order, Dkt. 63, prompted by Defendant's motion.  Such opposition would also have been required in accordance with Local R.Civ.P. 7(b)(2)(A) (absent court order, responsive papers required within 14 days).  Moreover, Defendant's rationale for its motion to dismiss is undercut by Defendant's opening e-mail of June 25, 2015, in which Defendant sought Plaintiff's agreement to "dismiss its invalidity claim/count with prejudice either now or immediately following completion of the reexamination process  .

. .." Dkt. 70-1 at 7 (underlining added).  Indeed, a fair reading of Plaintiff's

representations regarding its willingness to abide by the PTO's confirmation of the '367

patent in its efforts to persuade the court to grant its request for a stay provides no

explicit representation as to when dismissal of Counts II and III in accordance with

Plaintiff's representation would occur.  *See* Dkt. 62-2 at 4-6.  Finally, despite

Defendant's assertion that absent immediate dismissal of Counts II and III, Defendant

would be "unduly prejudiced" by the stay provides no excuse for Defendant's violation of

the stay as Defendant fails to particularize the nature of such prejudice, and Defendant

failed to appeal the June 19, 2015 D&O, in which the issue was specifically addressed.

*See* June 19, 2015 D&O at 5-6.

Even if it were true that Plaintiff's representation to abide by the PTO

determination implied an agreement to immediately dismiss Counts II and III as a

condition of the court's stay, Defendant was not authorized to seek judicial enforcement

of such condition without prior court approval.  Defendant's arguments that it acted to

require Plaintiff to comply with its commitments, which were integral to the June 19,

2015 D&O and thus Defendant's motion did not violate the stay, is therefore irrelevant.

Based on this conclusion, it is unnecessary to address whether sanctions should be

imposed under § 1927 or the court's inherent power as Plaintiff also requested.

Although the sanctioning authority conferred upon by rule, such as Rule 16(f)(1)(C),

upon the court does not displace that provided by § 1927 or under the court's inherent

power, *Chambers*, 501 U.S. at 47, here as the question of an award of attorneys fees is

based on Defendant's violation of a court order under Rule 16(f)(1)(C), and not on a

motion asserted to be only vexatious, it is not necessary to assess whether Defendant's

motion qualifies for a sanction under the more stringent criteria such as bad faith or a willful violation of a court order, *id*. at 47, which apply to sanctions pursuant to § 1927 or the court's inherent power.  In any event, given that Defendant was well-aware of the stay order yet made no attempt to seek court permission to file Defendant's motion despite the stay, it cannot be said that Defendant's motion was not willful.

## CONCLUSION

Based on the foregoing, Plaintiff's cross-motion, Dkt. 64, is GRANTED.  Plaintiff shall <u>within 30 days</u> submit its fee application; Defendant's opposition shall be filed <u>within 15 days</u> thereafter.  Oral argument shall be at the court's discretion.  Based on the Stipulation (Dkt. 76) Defendant's motion is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  April 21, 2016
Buffalo, New York